## 29495. DAVIS v. AUTOMOBILE FINANCING INC.

DECIDED JULY 1, 1942.

*C. A. Christian,* for plaintiff in error.
*J. D. Tindall, R. D. Smith,* contra.

MACINTYRE, J. Even if the defendant assigned to the plaintiff and the plaintiff accepted the assignment of certain commissions which were due to the defendant by a third party which were to be credited when collected on a note owned by the plaintiff and secured by a conditional-sale contract executed by the defendant, and thereafter the plaintiff returned the assignment to the defendant, stating that it did so on the advice of its attorney, and the defendant thereafter collected the full amount of the commissions from the third party, appropriating the money so collected to his own use, it seems to us that the defendant acquiesced in the return of the assignment. Notwithstanding the defendant testified: "I did not say that the money paid to me as commissions by the

[third party] belonged to [the plaintiff]; after [the plaintiff] finally refused the assignment and returned it to me and refused to accept the [commission] money which I had tendered to it [under the assignment] after the payment of the commissions by the [third party], I felt that I had a right to use the money, which I did."

Webster's New International Dictionary defines "acquiescence" as: "Passive compliance or acceptance, . . distinguished from avowed consent on the one hand, and, on the other, from opposition or open discontent." The defendant having received the commissions in question from the third party, and having used them as his own money, assent is the necessary inference from such acts of acquiescence, and the assent thus given is as irrevocable as if expressly stated in words. From such acts of the defendant estoppel is the necessary consequence of the assent; and the defendant is estopped, that is, precluded thereby from setting up that the plaintiff, and not he, is the owner of the money derived from the collection or receipt by the defendant of the commissions described in the assignment and used by the defendant for purposes other than those agreed on and contemplated in the assignment of the commissions. Under the foregoing ruling, the direction of the verdict for the plaintiff was not error.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*